```
              IN THE UNITED STATES DISTRICT COURT
               FOR THE SOUTHERN DISTRICT OF OHIO
                         EASTERN DIVISION
```

Rick Broyles,                         :
                                               Case No. 2:13-cv-0625
      Plaintiff,              :

  v.                                  :
                                               Magistrate Judge Kemp
VJP Hospitality, Ltd.,                :

      Defendant.              :


ORDER

This case was filed as a putative class action. The complaint asserted various ways in which the Sheraton Airport Hotel in Columbus did not comply with the Americans With Disabilities Act.

Plaintiff has now filed a motion to dismiss. In the motion, Plaintiff represents that he has determined, through discovery, that all of the conditions he identified in the complaint have been remedied. Defendant has not opposed the motion to dismiss.

The only potential complicating feature to the motion is the fact that the case was brought as a class action. Fed.R.Civ.P. 23(e) reads in part as follows:

> **(e) Settlement, Voluntary Dismissal, or Compromise.** The claims, issues, or defenses of a certified class may be settled, voluntarily dismissed, or compromised only with the court's approval. The following procedures apply to a proposed settlement, voluntary dismissal, or compromise:
>
> (1) The court must direct notice in a reasonable manner to all class members who would be bound by the proposal.

Even if a dismissal would not bind the absent class members, this Court has held that notice need not be given to the putative

class prior to approval of a voluntary dismissal if "the potential prejudice caused to any putative class member by not giving notice of dismissal of [the Plaintiff's] claims is very likely to be minimal or non-existent." Griffith v. Javitch, Block & Rathbone, LLP, 241 F.R.D. 600, 602 (S.D. Ohio 2007).

    Here, the Court sees no possibility of prejudice.  Only injunctive and declaratory relief was sought in the complaint, and it appears that the request for such relief is moot.  Should the facility ever become non-compliant with the ADA in the future, any affected person with standing under the ADA can file suit, and the dismissal of this action will have no effect on that process.  No potential class member is shown to have relied on the filing of this case as a reason for refraining from filing suit on these violations, nor is there any possible statute of limitations bar created by the dismissal.  Further, since the dismissal is based on mootness grounds, it is a dismissal without prejudice.  See United States v. Hamburg-Amerikanische Packet-Fahrt-Actien Gesellschaft, 239 U.S. 466 (1916); see also Malkowski v. Gonzalez, 2009 WL 1578816, *1 (E.D. Mo. June 3, 2009)("In the present case, plaintiffs' case is moot, which divests the Court of subject matter jurisdiction. As the Court has not reached the merits of the claim, dismissal may not be with prejudice").

    For these reasons, the Court concludes that notice is not required prior to approval of the motion to dismiss.  That motion (Doc. 26) is therefore granted.  This case is dismissed without prejudice.

                                        /s/ Terence P. Kemp
                                        United States Magistrate Judge